# In the United States Court of Federal Claims

No. 13-307 C

Filed: October 21, 2013

```
*****************************************
                                        *
                                        *
LARRY GOLDEN,                           *
                                        *
        Plaintiff, pro se,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
        Defendant.                      *
                                        *
                                        *
*****************************************
```

## ORDER DIRECTING THE PLAINTIFF
## TO FILE A MORE DEFINITIVE STATEMENT

This matter is before the court on a Motion For A More Definite Statement filed by Defendant the United States ("the Government"). The motion is opposed by the Plaintiff.

## I.    PROCEDURAL HISTORY.

### A.    The Solicitation.

On May 1, 2013, Plaintiff filed a Complaint broadly alleging infringement by the Government of U.S. Reissue Patent No. 43,990 ("'990 patent"). The Complaint also contained numerous statements about the background technology of the '990 patent.

On August 15, 2013, Plaintiff filed a Notice of Supplement that the court interprets as an Amended Complaint.

On September 5, 2013, the Government filed a Motion For A More Definite Statement, requesting Plaintiff to further amend that pleading to include only information relevant to the alleged claims.

On September 20, 2013, Plaintiff filed a Motion To Strike, a Motion To Amend Original Complaint, a Motion To Supplement Pleadings, a Motion For Summary Judgment, and a Response To The Government's Motion For A More Definite Statement.

On October 15, 2013, Plaintiff filed a Response To The Government's Motion For A More Definite Statement To Supplement The Complaint that the court interprets as an Amended

Complaint.  Because the '990 patent has not been assigned, the Plaintiff states that he, Larry Golden, is representing himself and not the company ATPG Technology.  Furthermore, the Plaintiff states that he is not an attorney.

Because Plaintiff's submissions are not responsive, the court hereby orders Plaintiff to file a Second Amended Complaint that contains a concise and definite statement.

## II.     STANDARD OF REVIEW AND DISCUSSION.

Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC") provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court make strike the pleading or issue any other appropriate order.

RCFC 12(e).

The United States Court of Federal Claims has the authority to order a more definite statement of a claim, if the complaint is "so vague or ambiguous that the [United States] cannot reasonably prepare a response." *Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010) (quoting RCFC 12(e)).  RCFC 8(a), however, specifies that a Plaintiff need only include in their pleading "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  RCFC 8(a); *see also Whalen v. United States*, 80 Fed. Cl. 685, 693 (2008).

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding the *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers") (internal quotations omitted).  Indeed, it has been the tradition of the court to examine the record "to see if [a *pro se*] Plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969).  Nevertheless, while the court may excuse ambiguities in a *pro se* Plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Based upon the court's review of the May 1, 2013, the August 15, 2013 Amended Complaint, and the October 15, 2013 Amended Complaint, the court finds that they are so vague and ambiguous that the Government cannot prepare an informed response.

The May 1, 2013 Complaint, the August 15, 2013 Amended Complaint and the October 15, 2013 Amended Complaint fail to clearly allege which products, processes and parties directly and indirectly infringe the '990 patent.  Therefore, Plaintiff is ordered to include the following information in the more definite statement: (1) the statutory authority under which the court has

2

jurisdiction, *i.e.*, 28 U.S.C. § 1498(a); (2) a statement of whether Plaintiff is the owner of the '990 patent; (3) a statement of whether the Government is indirectly infringing the '990 patent and whether a third party is directly infringing the '990 patent; (4) a statement of whether Plaintiff gave the Government notice of the Government's infringement of the '990 patent; (5) a demand for an injunction and/or damages; and (6) a statement of which specific products directly infringe the '990 patent.

## III.    CONCLUSION.

For the reasons discussed above, the Government's September 10, 2013 Motion For A More Definite Statement is granted.  Plaintiff shall have 45 days (*i.e.*, until **December 5, 2013**) to file a more definite statement with the court.  If Plaintiff fails to do so, the Clerk of the court is directed to dismiss the Amended Complaints, pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**

3